UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| JESSICA M. REMME, | Civil No. 22-0953 (JRT/ECW) |
| Plaintiff, | |
| v. | **MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION** |
| KILOLO KIJAKAZI, *acting Commissioner of Social Security*, | |
| Defendant. | |

Clifford Michael Farrell, **MANRING & FARRELL**, P.O. Box 15037, 167 North High Street, Columbus, OH 43215; Edward C. Olson, **REITAN LAW OFFICE**, 80 South Eighth Street, Suite 900, Minneapolis, MN 55402, for Plaintiff.

Ana H. Voss, **UNITED STATES ATTORNEY'S OFFICE**, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415; Chris Carillo, James D. Sides, and Linda H. Green, **SOCIAL SECURITY ADMINISTRATION OFFICE OF PROGRAM LITIGATION**, Office 4, 6401 Security Boulevard, Baltimore, MD 21235, for Defendant.

Plaintiff Jessica M. Remme brought this action against the Acting Commissioner of the Social Security Administration, Kilolo Kijakazi ("Commissioner"), requesting review of an administrative law judge's denial of her application for disability insurance. Upon cross motions for summary judgment, Magistrate Judge Elizabeth Cowan Wright filed a Report and Recommendation ("R&R") recommending the Court partially grant summary judgment for Remme and remanding to the agency for clarification.

The Administrative Law Judge sufficiently considered the opinion of Remme's treating physician and stated she adopted the limitations on sitting, standing, and walking. However, the Residual Functional Capacity ("RFC") formulated by the ALJ was vague and contradictory to that medical opinion. Therefore, the Court will adopt the R&R, remand this case for further administrative proceedings, and instruct the ALJ to clarify how often and when Remme may change positions and whether she must walk for 5 minutes every 30 minutes, as recommended by the treating physician.

## BACKGROUND

### I. FACTS

Jessica M. Remme filed an application seeking disability insurance benefits on September 24, 2020, alleging that she became disabled on June 30, 2020. (Soc. Sec. Admin. R. ("R.") at 203, July 29, 2022, Docket Nos. 15, 15-1, 15-2.)[1] Remme alleged disability due to rheumatoid arthritis, bladder issues, history of kidney stones, depression, anxiety, and thyroid issues. (*Id*. at 222.) Remme's application was initially denied because she was deemed not disabled, again denied upon reconsideration, and denied after a hearing before an administrative law judge (the "ALJ"). (*Id.* at 34, 74, 78, 100.)

---

[1] For convenience and consistency with the R&R, the Court cites to the consecutive pagination of the Administrative Record, rather than the CM/ECF pagination.

**A.     Opinions of Dr. Chan and Mr. Kann.**

Ingrid Chan, M.D., was one of Remme's primary care providers during the relevant period and has been treating her since November 14, 2016.  (*Id*. at 2248.)  Plaintiff was also treated by Joseph P. Kann, O.T.  (*Id.* at 31, 2281.)[2]

Dr. Chan submitted a Physical Medical Source Statement for Remme on March 2, 2021, with some of the input and testing administered by Mr. Kann.  (*Id.* at 2244–48, 2280–81.)  Dr. Chan opined that Remme's maximum ability to stand and walk (with normal breaks) during an 8-hour day was about two hours, and the maximum ability to sit was about six hours.  (*Id.* at 2244.)  Dr. Chan also opined that Remme could sit or stand for 30 minutes before changing position; that she must walk every 30 minutes; and that she must walk for 5 minutes each time.  (*Id*. at 2245.)  She also noted that Remme does not need the opportunity to shift at will from sitting or standing/walking.  (*Id*. at 2245.)  Mr. Kann completed a functional capacity evaluation in March 2021, which determined Remme's ability to do certain physical tasks like carrying heavy objects.  (*Id.* at 31.)

**B.     The ALJ's Decision**

The ALJ followed the required five-step sequential evaluation process pursuant to 20 C.F.R. § 404.1520 in making this determination.  (R. at 22–23.)  The primary dispute

---

[2] The ALJ misidentifies Mr. Kann as "Joseph Chan, PT."  (*Compare* R. at 31, *with* R. at 2281 ("Electronically Signed by Kann, Joseph P, O.T.")

before the Court concerns the Residual Functional Capacity determination.  The ALJ found Remme has an RFC:

> to perform sedentary work as defined in 20 CFR 404.1567(a) except the claimant's work must allow for the exercise of a sit/stand option, defined as follows: work that can be done in both the sitting and standing positions, such that the change in position will not cause the worker to go off task. Requires opportunity to change positions approximately every 30 minutes; occasional balancing, stooping, crawling, crouching, kneeling, occasional climbing of ramps/stairs, occasional climbing of ladders ropes and scaffolds, frequent but not constant overhead reaching, handling and fingering.

(R. at 27.)  The ALJ claims that she "fully considered the medical opinions," including the opinions of Dr. Ingrid Chan and Joseph Kann, and found them "partially persuasive."  (*Id.*)

The ALJ concluded that Remme can perform jobs in the national economy based on these limitations.  (*Id.* at 33.)  The ALJ therefore found that Remme is not disabled under sections 216(i) and 223(d) of the Social Security Act.  (*Id.* at 34.)  Remme requested review of the decision and the Appeals Council denied her request, which made the ALJ's decision the final decision of the Commissioner of the Social Security Administration (the "Commissioner" or "Defendant").  (*Id.* at 1–3.)

## II. PROCEDURAL HISTORY

Remme appealed the ALJ's decision to the Court on April 14, 2022.  (Compl., Apr. 14, 2022, Docket No. 1.)  She asserts that the ALJ failed to properly evaluate Dr. Chan's opinion under 20 C.F.R. § 404.1520c because the RFC did not contain all of the sit, stand, and walk limitations provided by Dr. Chan.  (Pl.'s Mem. Supp. Mot. Summ. J. at 6, Sept.

27, 2022, Docket No. 18.) Both Remme and the Commissioner filed motions for summary judgment. (Pl.'s Mot. Summ. J., Sept. 27, 2022, Docket No. 17; Def.'s Mot. Summ. J., Nov. 2, 2022, Docket No. 19.) On April 28, 2023, the Magistrate Judge issued an R&R recommending that Plaintiff's Motion for Summary Judgment be granted in part, Defendant's Motion for Summary Judgment be denied, and the case be remanded to the Commissioner for further administrative proceedings. (R. & R. at 18–19, Apr. 28, 2023, Docket No. 26.) The Magistrate Judge rejected Remme's argument that the ALJ's RFC was unclear on the parameters of the total ability to sit, stand, or walk. (*Id.* at 14.) The Magistrate Judge concluded that the RFC properly incorporated the maximum totals for siting and standing in an 8-hour day. (*Id.* at 15.) The Magistrate Judge also rejected the argument that Dr. Chan's opinion required Remme to stand or walk for 30 minutes after changing her position. (*Id.* at 15–16.)

However, the Magistrate Judge found the ALJ's language requiring that Remme have the "opportunity to change positions approximately every 30 minutes" was vague and could be interpreted to mean either that "Plaintiff is permitted to change positions every 30 minutes or less" or that "Plaintiff can only change positions every 30 minutes." (*Id*. at 16–17 (cleaned up).) If the latter was adopted, then it would violate the RFC's adoption of the cumulative sitting and standing periods in a workday (6 hours max sitting, 2 hours max standing). (*Id.* at 17.)

The Magistrate Judge was also concerned that "the RFC inexplicably limits any ability by Plaintiff to walk for 5 minutes between position changes, as required by Dr. Chan . . . because it required that the change in position will not cause the worker to go off task." (*Id*. at 17.) The Magistrate Judge noted that the ALJ did not provide any explanation for the failure to incorporate 5 minutes of walking every 30 minutes into the RFC, even though the Commissioner found Dr. Chan's opinions to be at least partially persuasive. (*Id*.) For these reasons, the Magistrate Judge recommended the case be remanded to the Commissioner and that the Court mandate that the ALJ formulate a new RFC clarifying these issues. (*Id*. at 18–19.)

The Commissioner objects to the R&R's conclusion that the RFC was vague and to the Magistrate Judge's handling of the lack of a 5-minutes of walking requirement in the RFC. (*See generally* Def.'s Obj. R. & R., May 4, 2023, Docket No. 27.) Remme does not object to the R&R, but requests that the Court reverse the ALJ's decision rather than remand for clarification. (*See* Pl.'s Resp. Obj. R. & R. at 5, May 18, 2023, Docket No. 28.)

## DISCUSSION

### I. STANDARD OF REVIEW

After a magistrate judge files an R&R, a party may file "specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2); *accord* D. Minn. LR 72.2(b)(1). "The objections should specify the portions of the magistrate judge's report and recommendation to which objections are made and provide a basis for those objections." *Mayer v. Walvatne*, No. 07–1958, 2008 WL 4527774, at *2 (D. Minn. Sept.

28, 2008).  For dispositive motions, the Court reviews de novo "properly objected to" portions of an R&R. Fed. R. Civ. P. 72(b)(3); *accord* D. Minn. LR 72.2(b)(3).  "Objections which are not specific but merely repeat arguments presented to and considered by a magistrate judge are not entitled to de novo review, but rather are reviewed for clear error."  *Montgomery v. Compass Airlines, LLC*, 98 F. Supp. 3d 1012, 1017 (D. Minn. 2015). Unobjected portions of the R&R are also only reviewed for clear error.  Fed. R. Civ. P. 72 advisory committee's note, subd. (b) ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.").

## II.   ANALYSIS

Because this is a dispositive motion, the Court will review Commissioner Kijakazi's objections to the R&R de novo.  *See* LR 7.1(c)(6)(B) (identifying motions for summary judgment as dispositive).

A court must uphold a denial of benefits based on factual findings if the denial "is supported by substantial evidence on the record as a whole." *Rappoport v. Sullivan*, 942 F.2d 1320, 1322 (8th Cir. 1991); *see also* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive.").  When evaluating whether substantial evidence supports the conclusion, the Court, however, may only consider the rationale the ALJ gave for the decision.  *Banks v. Massanari*, 258 F.3d 820, 824 (8th Cir. 2001) ("A reviewing court may not uphold an agency decision based on reasons not articulated by the agency, when the agency has

failed to make a necessary determination of fact or policy upon which the court's alternative basis is premised.") (cleaned up); *see also SEC v. Chenery Corp.*, 318 U.S. 80, 87–88 (1943). Thus, even if there is evidence in the record for an alternative rationale that would support the outcome reached by the ALJ, a reviewing court may not search the record for this evidence. *See Mayo v. Schiltgen*, 921 F.2d 177, 179 (8th Cir. 1990). The Commissioner objects to the Magistrate Judge's interpretation of the RFC's requirement regarding the changing of positions and asserts that there is no conflict in the RFC.

The Court shares the Magistrate Judge's concern that the RFC is vague. The Commissioner argues that the only possible interpretation of the RFC is where Remme is allowed to change positions "at least" every 30 minutes or less. However, that limitation is not included in the RFC, which requires the "opportunity to change positions **approximately** every 30 minutes." The Court cannot insert its own language now to clarify the RFC. The Court will therefore remand to the ALJ to clarify the RFC as it concerns when and how often Remme may change positions.

The Commissioner also objects to the Magistrate Judge's interpretation of the RFC as limiting the ability of Remme to walk for five minutes between position changes. The time spent walking between position changes could cause Remme to "go off task," while the RFC specifically says that the adjustments should be done while not letting Remme be "off task." (R. & R. at 17.) The Commissioner argues "sedentary" work still requires a certain amount of walking to carry out job duties, so Remme would not necessarily be off

task while walking. *See* 20 C.F.R. § 404.1567(a) ("Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties.")

However, it appears the ALJ adopted the entirety of Dr. Chan's limitations as to sitting, standing, and walking, which likely includes Dr. Chan's recommendation that Remme walk for five minutes every 30 minutes. (*See* R. at 31, 2245.) Specifically, Dr. Chan's opinion suggests that Remme **must** walk every 30 minutes, regardless of the task at hand. (R. at 2245 ("How often **must** your patient walk around? . . . . How long **must** your patient walk each time?") (emphasis changed).) The RFC, however, does not adopt that portion of Dr. Chan's opinion. (*See* R. at 27.)

It is well established that the ALJ need not adopt any specific medical opinion if it is not supported by the medical record. *Goff v. Barnhart*, 421 F.3d 785, 790–91 (8th Cir. 2005). But here the ALJ stated that "[t]he time on feet/limits on sitting/need to alternate [provided by Dr. Chan] **were adopted** into the residual functional capacity in vocationally relevant terms." (R. at 31 (emphasis added).) This suggests that the ALJ found Dr. Chan's opinion on these restrictions to be persuasive and supported by the record.

Thus, the Court concludes that remanding for further clarification is appropriate. The ALJ should clarify the RFC as it pertains to when Remme may change positions and if she must walk every for 5 minutes every 30 minutes. Both issues could lead to violating

the adopted maximum sit and stand requirements, which were explicitly adopted by the ALJ.

## CONCLUSION

The Court remands this matter to the agency so the ALJ can provide clarity regarding the persuasiveness of the opinions by Dr. Chan and Mr. Kann, to formulate a new RFC that clarifies the requirement to change position every 30 minutes, and to provide a new hypothetical to the Vocational Expert in accordance with the new RFC.

## ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendant's Objection to Report and Recommendation [Docket No. 27] is **OVERRULED;**

2. The Report and Recommendation [Docket No. 26] is **ADOPTED;**

3. Defendant's Motion for Summary Judgment [Docket No. 19] is **DENIED;**

4. Plaintiff Jessica M. Remme's Motion for Summary Judgment [Docket No. 17] is **GRANTED** in part;

-11-

5. The case is **REMANDED** to the agency for further administrative proceedings consistent with this order.

DATED:  August 3, 2023
at Minneapolis, Minnesota.

          JOHN R. TUNHEIM
          United States District Judge